J-S37045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANWAR M. GETTYS | : | |
| | : | |
| Appellant | : | No. 1075 EDA 2021 |

Appeal from the PCRA Order Entered May 3, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004425-2005

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED DECEMBER 28, 2021**

Appellant, Anwar M. Gettys, appeals *pro se* from the order entered in the Court of Common Pleas of Delaware County, which dismissed his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing on the basis it was untimely filed.  After a careful review, we affirm.

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

> After nearly a month of diligent investigation of the disappearance of fifteen-year-old Deanna Wright-McIntosh, police found her charred remains in a barrel on December 30, 2004.  This sorrowful discovery prompted many other police actions undertaken to establish what happened to the young girl and, ultimately, who was responsible.  The investigation eventuated

_____

[*] Former Justice specially assigned to the Superior Court.

with the arrest of [Appellant] and another man, Lamar Haymes. They were tried separately.

\*\*\*

During [Appellant's] four-day trial, the jury was offered evidence of the deliberate deceits of [Appellant] and testimony regarding his opportunity for wrongdoing. Additional information regarding the grisly disposition of the missing girl and evidence establishing that body parts found in a barrel were those of the victim was presented. The jury also heard testimony that afforded them insight into her presence at [Appellant's] mother's residence before her death and other events thereafter. The Commonwealth's case painted a picture that fully supported the jury's decision in finding [Appellant] guilty of first-degree murder [18 Pa.C.S.A. § 2502(a)] and abuse of a corpse [18 Pa.C.S.A. § 5510, as well as] that [Appellant] perpetrated the death and participated in the disposal of the victim's body.

*Commonwealth v. Gettys*, No. 2494 EDA 2011 at \*2 (Pa.Super. filed 8/12/16) (unpublished memorandum) (quotation omitted).

On December 19, 2006, the trial court sentenced Appellant to life in prison.[1] Appellant filed a timely direct appeal, and on March 13, 2009, this Court affirmed his judgment of sentence.[2] Appellant did not file a petition for allowance of appeal with our Supreme Court.

_____

[1] Following his own separate jury trial, Haymes was also convicted of numerous crimes in connection with the killing of Wright-McIntosh, and the trial court sentenced him to life in prison.

[2] In his direct appeal, Appellant presented sufficiency and weight of the evidence claims, averred the prosecutor made improper remarks during closing arguments, argued taped statements made by Appellant during a police interview should have been suppressed, and the trial court should have dismissed the charges against him. *See Commonwealth v. Gettys*, No. 1278 EDA 2007 (Pa.Super. filed 3/13/09) (unpublished memorandum).

Appellant filed a first, timely PCRA petition, and counsel was appointed to represent him. On August 11, 2011, the PCRA court denied Appellant's first PCRA petition, and this Court affirmed. **See Commonwealth v. Gettys**, No. 2494 EDA 2011 (Pa.Super. filed 8/12/16) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 5, 2018, Appellant filed his second PCRA petition, and on June 25, 2019, the PCRA court dismissed Appellant's second PCRA petition on the basis it was untimely filed. On June 11, 2020, this Court affirmed. **See Commonwealth v. Gettys**, No. 2136 EDA 2019 (Pa.Super. filed 6/11/20) (unpublished memorandum). Appellant filed with our Supreme Court a petition for allowance of appeal, which the Court denied on January 20, 2021.

On or about March 15, 2021, Appellant filed a third PCRA petition *pro se*, and on March 23, 2021, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing. Appellant filed a *pro se* response on April 7, 2021, and by order entered on May 3, 2021, the PCRA court dismissed Appellant's third PCRA petition. This timely, *pro se* appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed. The PCRA court, however, filed a Rule 1925(a) opinion on June 2, 2021.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

I.   Did the PCRA Court abuse its discretion when it vacated the Order reinstating appellate rights nunc pro tunc without substituting any form of relief?

II.  Does the miscarriage of justice standard apply in the instant PCRA?

III. Ineffective assistance of counsel which in the circumstances of this particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

Appellant's Brief at 13.

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited

circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

_____

[3] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." ***See id.***, cmt. We shall assume, *arguendo*, the amended version of Subsection 9545(b)(2) is applicable to the instant matter.

- 5 -

In the case *sub judice*, Appellant was sentenced on December 19, 2006, and this Court affirmed his judgment of sentence on March 13, 2009. Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on April 13, 2009, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until April 13, 2010, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Accordingly, the instant PCRA petition it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant contends that he is entitled to the "newly-discovered facts" exception as delineated by Section 9545(b)(1)(ii). The "newly-discovered facts" exception requires a petitioner to plead and prove that "1) the facts upon which the claim was predicted were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1272 (2007) (quotation marks and quotation omitted).

In the case *sub judice*, Appellant contends he learned of his prior counsel's ineffectiveness when this Court referred to such ineffectiveness in our June 11, 2020, memorandum, which affirmed the dismissal of Appellant's

second PCRA petition.[4] He further contends he did not receive the notes of testimony from his trial until 2018, and the notes demonstrate counsel's ineffectiveness.

In addressing Appellant's attempt to invoke the newly-discovered facts exception on this basis, the trial court indicated the following:

> As the Superior Court held in Appellant's previous appeal: "[B]ecause there is no equitable tolling, even if Appellant's abandonment by prior counsel caused the delay in filing the present petition, it does not alter the fact that the petition itself is untimely and Appellant has not established any exception to the time bar." Appellant's argument that he did not receive notes of testimony from trial until 2018 is not a "fact" under the exception to the timeliness requirement. The underlying issues that Appellant claims that the notes of testimony support against trial counsel (about prosecutorial conduct and objections to photographs) were raised in some fashion on direct appeal and were addressed by initial PCRA counsel in his no merit letter; both of which were sent to Appellant. Thus, he was aware of the potential claims many years prior [to his receipt of the transcripts and the Superior Court's June 11, 2020, memorandum].

---

[4] In this Court's June 11, 2020, memorandum, we discussed at length the collateral proceedings related to Appellant's first and second PCRA petitions. We noted Appellant's second PCRA petition was untimely, but that Appellant attempted to overcome the untimely nature thereof based on his prior counsels' ineffective assistance. This Court suggested that first PCRA counsel was ineffective in filing a brief limited to previously litigated claims, and second PCRA counsel caused delay in filing Appellant's second PCRA petition. We further noted that Appellant's prior PCRA attorneys had been suspended for a period of time by our Supreme Court. However, we noted that claims of ineffective assistance of counsel do not overcome the jurisdictional timeliness requirements of the PCRA, and thus we affirmed the dismissal of Appellant's second PCRA petition on the basis it was untimely. *See Commonwealth v. Gettys*, No. 2136 EDA 2019 (Pa.Super. filed 6/11/20) (unpublished memorandum).

PCRA Court Opinion, filed 6/2/21, at 8-9.

We agree with the PCRA court's sound reasoning. Assuming, *arguendo*, Appellant met the initial threshold of invoking the exception within one year of the date the claim could have been presented, 42 Pa.C.S.A. § 9545(b)(2), Appellant's claim is nothing more than a convoluted way of attempting to carve out an exception to the jurisdiction timeliness requirements based on ineffective assistance of counsel. However, it is well-settled that allegations of ineffective assistance will not overcome the jurisdiction timeliness requirements of the PCRA. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 785-86 (2000) (finding that the "fact" current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence for exception to time-bar).[5]

Moreover, Appellant attempts to invoke the governmental interference exception based on the Commonwealth's alleged *Brady*[6] violation. Specifically, he avers the Commonwealth withheld the police statement of co-defendant Haymes. However, by Appellant's own admission, Haymes testified about his police statement during Appellant's 2006 jury trial. Appellant's Brief

---

[5] Further, to the extent Appellant contends PCRA counsel's ineffectiveness meets the governmental interference exception under 9545(b)(1)(i), we note our Supreme Court has held that "government officials" do not include defense attorneys. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000).

[6] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

at 28-29. Accordingly, Appellant was aware of Haymes' police statement for the past fifteen years, and thus, he has not demonstrated that he invoked the exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, turning to Appellant's argument that his conviction is a "miscarriage of justice," we note:

> [W]e need not reach the merits of his contentions because the courts of Pennsylvania will only entertain a "miscarriage of justice" claim when the initial timeliness requirement is met. **See Commonwealth v. Fahy**, 558 Pa. 313, 330–331, 737 A.2d 214, 223 (1999). Although the courts will review the request in a second or subsequent collateral attack on a conviction if there is a strong *prima facie* showing that a miscarriage of justice occurred, **Commonwealth v. Morales**, 549 Pa. 400, 409–410, 701 A.2d 516, 520–521 (1997), there is no "miscarriage of justice" standard exception to the time requirements of the PCRA. **Fahy**, 558 Pa. at 331, 737 A.2d at 223. Therefore, while we would consider a timely petition under the standard set forth in **Morales**, this Court has no jurisdiction to address an untimely petition.

**Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa.Super. 2007).

Based on the aforementioned, we conclude Appellant has not met any of the timeliness exceptions. Therefore, we conclude the PCRA court properly dismissed Appellant's instant PCRA petition on the basis it was untimely filed.[7]

Affirmed.

---

[7] To the extent Appellant contends the PCRA's timeliness requirements do not apply to him because he has asserted his innocence, we note this Court has rejected such a claim. **See Commonwealth v. Brown**, 143 A.3d 418 (Pa.Super. 2016).

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2021